**WATER WORKS EMPLOYEES LOCAL NO. 1045, AFSCME, AFL-CIO, and Ted Brennan, Steve Brown, Wilfred Couture, Richard Esgar, Chester Evans, Ben Gomez, Ray Hurt, D. K. Martin, Wes Popp, Anthony Sanchez, Tony Wagner and Gary Winters, Plaintiffs-Appellants,**

v.

**The BOARD OF WATER WORKS and Howard E. Whitlock, Verdon L. Johnson, Bret Kelly, Owen G. McKinney, and Joseph Ott, as Members of the Board, and Individually, and Larry C. Fountaine, as Executive Director of the Board, and Individually, Defendants-Appellees.**

No. 79CA0631.

Colorado Court of Appeals, Div. I.

April 3, 1980.

Rehearing Denied May 8, 1980.

Certiorari Denied July 14, 1980.

Myrick, Newton & Sullivan, P. C., William E. Myrick, James W. Nearen, Jr., Denver, for plaintiffs-appellants.

Petersen & Fonda, P. C., William F. Mattoon, Pueblo, for defendant-appellee Board of Water Works.

Laurence A. Ardell, Mickey W. Smith, Pueblo, for defendants-appellees Howard E. Whitlock, Verdon L. Johnson, Bret Kelly, Owen G. McKinney, Joseph Ott, and Larry C. Fountaine.

COYTE, Judge.

Plaintiffs appeal from an order of the trial court dismissing their second claim for relief. We affirm.

In 1977, defendants (the board) entered into a three year working agreement with Local 1045, AFSCME, AFL-CIO (the Union). The working agreement contained a grievance procedure which included as its final step the following:

"Section H (Fourth Step) Either party may, five (5) working days after reply from Executive Director, by written notice, request *advisory* arbitration." (emphasis added)

Under the agreement, within thirty days after the close of the last hearing on a matter, the arbitrator was required to submit to the Board and to the Union his written report setting forth his findings of fact, reasoning, conclusions, and recommendations.

The agreement further provided that: [T]he board [shall] take official action on the recommendations of the arbitrator at its next regularly scheduled meeting or a special meeting called for that purpose.

The Board may accept, reject or modify the *advisory* arbitrator's recommendation." (emphasis added)

In the spring of 1978, the Union filed a grievance protesting a reorganization by the Board which resulted in the demotion of several foremen and other employees. After advisory arbitration held pursuant to the above provision of the working agreement, the arbitrator made findings favorable to the union. At its regular meeting on October 17, 1978, the Board rejected the findings and recommendations of the arbitrator. The Union then filed this suit which contained four claims for relief, including a claim for confirmation of the arbitration award as provided in § 13–22–213, C.R.S. 1973 (1979 Cum.Supp.) of the Uniform Arbitration Act. The Board moved to dismiss this claim on the basis that only advisory arbitration had been held, and thus, that the advisory recommendation was not binding on the Board.

The court granted this motion and entered a C.R.C.P. 54(b) order so that an appeal could be taken from the judgment of dismissal.

It is the arbitration agreement between the parties, and not the Uniform Arbitration Act, that controls the nature of the arbitration. Section 13–22–202, C.R.S. 1973 (1979 Cum.Supp.) provides:

"The purpose of this part 2 is to validate voluntary written arbitration agreements, make the arbitration process effective, provide necessary safeguards, and provide an efficient procedure when judicial assistance is necessary."

Thus, the purpose of the Act is to provide ground rules and procedures for enforcement of awards through the courts, but not to supersede the agreement entered by the parties. *See Superintending School Committee v. Portland Teachers' Ass'n,* 338 A.2d 155 (Me.1975).

Under the contract at issue, binding arbitration has been expressly excluded by the specific provision for *advisory* arbitration. Thus, the arbitrator is deprived of any power to bind either party. As stated in *Superintending School Committee v. Portland Teachers' Ass'n, supra:*

"It seems to us axiomatic that a valid contractual provision must exist which gives by its own terms a right to engage in grievance arbitration. If no such provision exists, or if the contract by its own terms excludes grievance arbitration in a particular area, any attempt to engage in binding grievance arbitration in that area is without binding effect."

Nonetheless, the Union argues that to allow the Board to disregard totally the findings of the arbitrator would thwart the purpose behind the arbitration process. We reject this contention. The parties' agreement specifically provides for only advisory arbitration, and if they had intended for the arbitrator's findings to be binding on them, their contract should have so specified.

The Union relies on *Blair v. Lovett*, Colo., 582 P.2 668 (1078) which is a teacher tenure case interpreting § 22–63–117, C.R.S. 1973. In contrast to the situation there, here, the board, is by contract, expressly allowed to accept, reject, or modify the advisory arbitrator's recommendations.

Judgment affirmed.

SMITH and KELLY, JJ., concur.