423 So.2d 908 (1982)
Terry MEADE, Petitioner,
v.
LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent.
No. 61418.
Supreme Court of Florida.
December 9, 1982.
*909 Seymour H. Rowland, Jr., and Victor J. Musleh of Musleh, Piccin, Atkins & Krehl, Ocala, for petitioner.
Leslie King O'Neal of Markel, Scott, McDonough & O'Neal, Orlando, for respondent.
OVERTON, Justice.
The petitioner, Terry Meade, seeks review of the decision of the Fifth District Court of Appeal reported as Lumbermens Mutual Casualty Co. v. Meade, 404 So.2d 1141 (Fla. 5th DCA 1981), which we find expressly conflicts with Travelers Insurance Co. v. Allen, 356 So.2d 1287 (Fla. 3d DCA), cert. denied, 364 So.2d 893 (Fla. 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue is whether, in an arbitration confirmation action filed in circuit court, an insurer may allege as a defense that the arbitration award exceeded applicable policy limits under circumstances where (1) the policy limits were not in issue in the arbitration and (2) the award was not challenged by the insurer within the ninety-day time limit prescribed by the Florida Arbitration Code, sections 682.13 and 682.14, Florida Statutes (1979). We hold that the policy limits could properly be raised as a defense in the circuit court confirmation action.
We find it necessary to set forth certain relevant facts to clearly delineate the issue decided in this case. Petitioner Meade and respondent insurer disagreed as to the amount of Meade's damages in a claim under his uninsured motorist coverage. The parties submitted the damages issue to arbitration, pursuant to chapter 682, Florida Statutes (1979). The arbitration panel award, issued December 27, 1979, found that Meade's damages were "$16,709.50 plus taxable costs." In January, 1980, the insurer tendered a check for $10,000, the policy limits, which Meade refused to accept. No further action was taken by either party until Meade filed a complaint in circuit court on April 2, 1980, seeking confirmation of the arbitration award. The insurer attempted to assert as a defense in the confirmation suit the $10,000 policy limit on Meade's uninsured motorist coverage, arguing that the arbitration award could not exceed that amount. The trial court, in enforcing the arbitration award in Meade's favor, refused to consider the policy-limits defense because the insurance company had failed to seek vacation or modification of the arbitration award within the ninety-day period prescribed by sections 682.13 and 682.14. In so holding, the trial court relied on Travelers Insurance Co. v. Allen, which held that a party to an arbitration proceeding who fails to timely seek vacation or modification of an award pursuant to sections 682.13 and 682.14 cannot raise the defense of excessive award in a confirmation suit.
The district court reversed, holding that the ninety-day rule contained in sections 682.13 and 682.14 is not applicable where an issue disputed in a confirmation proceeding was not submitted to an arbitration panel. In so holding, the district court distinguished Allen, finding it was not applicable under the facts of this case. We approve the decision of the district court, but find that Allen is not distinguishable from this case.
Petitioner contends that sections 682.13 and 682.14 require the insurer to file a *910 motion to vacate, modify, or correct the arbitration award of damages within ninety days when the amount of damages awarded exceeds policy limits. Petitioner argues that any disagreement as to applicable policy limits is not relevant to a determination of whether the insurer was required to raise its objections to the arbitration award in a motion to vacate or modify the award. In Allen, the amount of damages was established by arbitrators, and, although the applicable policy limits were in dispute, the issue of the policy limits was not submitted to arbitration by the parties. We find that under those facts Allen is not distinguishable from the instant case and that it supports the position asserted by petitioner. We, however, reject this view, finding that it would improperly expand the intent and purpose of the arbitration code.
We hold that the grounds for seeking vacation or modification of an arbitration award, as set out in sections 682.13 and 682.14, limit the applicability of the ninety-day rule to issues submitted to an arbitration panel. The sole issue before the arbitrators was the amount of damages sustained by Meade. Since the policy limits were not before the arbitration panel in this case, the insurer was not precluded from raising the defense of the policy limits in the confirmation proceeding filed by petitioner. For the reasons expressed, we approve the decision of the district court in the instant case, and disapprove the decision of the Third District Court of Appeal in Travelers Insurance Co. v. Allen.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.