PER CURIAM.
The summary judgment confirming an arbitration award in favor of the appellees, plaintiffs below, is reversed upon a holding that where, as here, the plaintiffs, dissatisfied with the arbitrator chosen by the parties pursuant to their agreement, unilaterally dismissed the arbitrator and chose a new “arbitrator” before whom, with the defendants declining to participate, the plaintiffs conducted further proceedings, such proceedings and the resulting arbitration award in the plaintiffs’ favor are nullities,[1] and the defendants’ failure to move timely to vacate the award, see § 682.13, Fla.Stat. (1983), does not preclude the defendants from attacking the entire award as being the result of a void arbitration proceeding.[2]
Reversed.

. Section 682.04, Florida Statutes (1983), sets forth the lawful method for appointing an arbitrator:
"If an agreement or provision for arbitration subject to this law provides a method for the appointment of arbitrators or an umpire, this method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, or if an arbitrator or umpire who has been appointed fails to act and his successor has not been duly appointed, the court, on application of a party to such agreement or provision shall appoint one or more arbitrators or an umpire....”

. Even had the selection of the new arbitrator comported with the law’s requirements, the major portion of the judgment would be reversible nonetheless. See Meade v. Lumbermens Mutual Casualty Co., 423 So.2d 908 (Fla.1982). The sole issue before the arbitrator was whether the defendants owed the plaintiffs an unpaid balance of $2,375.00 under a subcontract on a construction job. Astonishingly, the award made by the arbitrator to the plaintiffs was $559,001.95, which included amounts for slander, mental anguish, conspiracy, .and loss of future profits.