FAIRPORT ASSOCIATES, a Colorado limited partnership; Fairport Finance, N.V., a Netherlands Antilles company; Interplaza West Associates, a Colorado general partnership; Glenda, S.A., a Panama company; Gesibel, S.A., a Panama company; Cymbeline Holdings, N.V., a Netherlands Antilles company; 225 Resyn, Ltd., a Colorado limited partnership; Interplaza 225 Associates, a Colorado limited partnership; Abraham Levin; Samuel Levin; Elias Saadia; Salim Saadia; and Jaime Balas, Petitioners–Appellees,

v.

Alejandro TOPELSON a/k/a Alex Topelson; Jorge Topelson; Aretz Realty, N.V., a Netherlands Antilles company, Respondents–Appellants.

No. 94CA0189.

Colorado Court of Appeals, Div. II.

June 29, 1995.

Rehearing Denied Aug. 3, 1995.

Netzorg & McKeever, P.C., J. Nicholas McKeever, Jr., Cecil E. Morris, Jr., Englewood, for petitioners-appellees.

Doherty, Rumble & Butler, P.C., Garry R. Appel, Denver, for respondents-appellants.

Opinion by Judge CASEBOLT.

In this appeal from an order confirming an arbitration award, respondents, Alejandro Topelson, Jorge Topelson, and Aretz Realty, N.V. (collectively Topelson), appeal the summary judgment entered in favor of petitioners, Fairport Associates and a number of other associated companies (collectively Fairport). We affirm.

Fairport commenced an arbitration proceeding against Topelson in connection with several real estate investments. The arbitrators entered an award in favor of Fairport on March 9, 1993. Thereafter, clarification or modification of the award was sought by both sides and a Clarification of Award was entered by the arbitrators on May 20, 1993.

On August 17, 1993, Fairport instituted this proceeding pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 (1970), and the Colorado Uniform Arbitration Act of 1975, § 13–22–213, C.R.S. (1987 Repl.Vol. 6A), to confirm the arbitration award.

Topelson filed a response to the petition to confirm on September 20, 1993, asserting a number of defenses and requesting vacation, correction, and modification. Prior to that time, however, no request for judicial modification, correction, or vacation of the original or clarified award had been sought by any party.

Fairport successfully moved for summary judgment and this appeal followed.

Fairport initially asserts that Topelson is time-barred from asserting any defenses to the award because Topelson failed to challenge the award within the three-month period allowed by federal law. We agree and, accordingly, need not reach the remaining issues on this appeal.

The parties agree that the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (1970), control the disposition of the issues before us. Under the provisions of 9 U.S.C. § 9 (1970), a court "must grant" a motion to confirm an arbitration award unless the award is vacated, modified, or corrected under sections 10 or 11 thereof. Notice of a motion to vacate, modify, or correct must be filed with the court within three months after the award is filed or delivered to the parties. 9 U.S.C. § 12 (1970).

The award which triggers the running of this period is the final arbitration award, after all clarifications and modifications have been made. See Harry Hoffman Printing, Inc. v. Graphic Communications International Union, Local 261, 912 F.2d 608 (2d Cir.1990) (noting that a different holding would result in the filing of motions to vacate awards which are not yet final). But see Trustees of Boston & Maine Corp. v. Massachusetts Bay Transportation Authority, 363 Mass. 386, 294 N.E.2d 340 (1973) (noting in dicta that period ran from date of delivery of the initial award).

If a party presents defenses to a motion to confirm within the applicable period, courts generally will consider those defenses

even though they were not filed in a motion to vacate, modify, or correct. *The Hartbridge*, 57 F.2d 672 (2d Cir.1932), *cert. denied sub. nom. Munson Steamship Line v. North England Steamship Co.*, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1933).

Here, the limitation period for filing a motion to vacate, modify, or correct the arbitrator's award, or to file defenses in response thereto, began to run on May 20, 1993, and expired on August 20, 1993. Fairport's motion to confirm was filed on August 17, 1993, prior to the end of the three-month period. However, Topelson did not file a response asserting objections and defenses to Fairport's motion to confirm until September 20, 1993.

Relying upon *Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 364 v. Ruan Transport Corp.*, 473 F.Supp. 298 (N.D.Ind.1979) and *Paul Allison, Inc. v. Minikin Storage of Omaha, Inc.*, 452 F.Supp. 573 (D.Neb.1978), Topelson argues that, because Fairport's motion to confirm was filed prior to the expiration of the three-month period, its defenses and objections are timely even though they were contained in a response that was filed beyond the three-month time frame. We decline to follow these cases, however, since they have been criticized for misinterpreting underlying case law and the legislative intent behind the Federal Arbitration Act. *See Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union 135 v. Jefferson Trucking Co.*, 628 F.2d 1023 (7th Cir.1980) *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); *Tokura Construction Co. v. Corporacion Raymond, S.A.*, 533 F.Supp. 1274 (S.D.Tex. 1982).

In *Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union 135 v. Jefferson Trucking Co., supra*, the court determined, based on a literal reading of the Federal Arbitration Act, that 9 U.S.C. § 12 requires an application for confirmation to be granted unless the award is challenged within the three-month period following issuance of an award. Accordingly, the court held that the Act precluded a defendant from presenting its objections to an award, even as defenses to a confirmation action, if the objections were not filed within the three-month period.

Similarly, in *Tokura Construction Co. v. Corporacion Raymond, S.A., supra*, the court held that 9 U.S.C. § 12 bars objections to an arbitration award when they are raised in response to a motion to confirm the award if the objections are filed outside the three month time limit.

We agree with the reasoning of these cases. Consequently, the crucial issue under 9 U.S.C. § 12 (1970) is the date on which the challenges to the arbitration award are filed, either in the form of a motion to vacate, modify, or correct, or in the form of defenses or objections to a motion to confirm.

Here, the objections, defenses to the motion to confirm, and requests to modify, vacate, or correct the award were filed well after the three-month period had passed.

Accordingly, we hold that the three-month period of 9 U.S.C. § 12 (1970) precludes Topelson's assertions of defenses, objections, or requests to modify, vacate, or correct the arbitration award. Hence, the trial court did not err in granting summary judgment.

Judgment affirmed.

CRISWELL and JONES, JJ., concur.