**Kay KUTCH, Plaintiff–Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant.**

**No. 95CA1647.**

Colorado Court of Appeals, Div. III.

Feb. 6, 1997.

Rehearing Denied March 6, 1997.

Certiorari Granted Oct. 20, 1997.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Wilcox & Ogden, P.C., Ralph Ogden, Denver, for Plaintiff–Appellee.

Levy & Lambdin, P.C., Suzanne Lambdin, Martha C. Ferris, Englewood, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

Defendant, State Farm Mutual Automobile Insurance Company, appeals an order confirming an arbitration award on plaintiff's uninsured motorist insurance claim. Because the amount of the award exceeds the $100,000 policy limit, State Farm asserts that the trial court erred. We agree and, therefore, reverse and remand for further proceedings.

While plaintiff, Kay Kutch, was a passenger in an automobile insured by State Farm, she was injured when that vehicle collided with an uninsured automobile. Plaintiff filed a claim against State Farm under the uninsured motorist section of the policy. When the parties could not agree on the amount of damages, they submitted the claim to arbitration. The arbitration panel awarded the following amounts:

| | |
|---|---:|
| Award | $130,000.00 |
| Preaward interest | 46,800.00 |
| Subtotal | $176,800.00 |
| Costs | 3,349.20 |
| Total | $180,149.20 |

In response to plaintiff's demand for payment, State Farm tendered drafts totalling $105,694.64, representing the policy limit of $100,000, plus costs and postjudgment interest.

Plaintiff then filed this suit pursuant to § 13–22–213, C.R.S. (1987 Repl.Vol. 6A), seeking to confirm the award of the arbitration panel. State Farm moved to dismiss, arguing that entry of judgment for the amount of the award would constitute an improper expansion of the insurance contract with its $100,000 policy limit. State Farm's objection to the arbitration award in the confirmation proceeding dealt solely with the extent of coverage, a question not presented to the arbitrators. State Farm's insurance policy was not presented to the panel; it had no knowledge of the policy limit.

The district court confirmed the award in the amount of $180,149.20, ruling that State Farm had failed to follow the proper statutory procedures for objecting to the award. The court also required State Farm to pay post-award interest and, because it considered State Farm's position to be frivolous and groundless, attorney fees. State Farm paid $105,694.64, the policy limit plus costs and post-judgment interest and appeals the remaining amount of the judgment.

I.

State Farm contends that the trial court erred in its conclusion that its failure to object to the award under the terms of §§ 13–22–214 or 13–22–215, C.R.S. (1987 Repl.Vol. 6A) prevented it from contesting the amount of the award. To bring an objec-

tion under one or both of these sections, it argues, would have been improper and unethical, because State Farm did not challenge the actions of the arbitrators as incorrect. Thus, State Farm asserts that it should have been allowed to present its objections in the confirmation proceeding. We agree.

It is true, as plaintiff argues, that a party requesting vacation or modification of an arbitration award is required to do so under the terms of the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A). The statutes set forth the proper grounds and a thirty-day time limit for bringing a challenge to an award. *See* § 13–22–214(2), C.R.S. (1996 Cum.Supp.).

Section 13–22–214(1)(a), C.R.S. (1987 Repl. Vol. 6A) provides:

Upon application of a party, the court shall vacate an award where:

(I) The award was procured by corruption, fraud, or other undue means;

(II) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(III) The arbitrators exceeded their powers;

(IV) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 13–22–207, as to prejudice substantially the rights of a party; or

(V) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 13–22–204 and the party did not participate in the arbitration hearing without raising the objection.

Under § 13–22–215(1), C.R.S. (1987 Repl. Vol. 6A), a court, upon timely application, is directed to modify or correct an award where:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(b) The arbitrators awarded upon a matter not submitted to them and the award

may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Plaintiff contends that, because State Farm did not contest the award within the time limit specified by the statute, it was precluded from doing so. We disagree. Neither of the statutes quoted above provides grounds upon which State Farm could bring its objection regarding the extent of coverage.

The arbitration proceeding was limited to two issues, namely whether the plaintiff was entitled to damages and, if so, the amount thereof. As stated in the policy:

Two questions must be decided by agreement between the insured and us: (1) Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and (2) If so, in what amount? If there is no agreement, *these questions* shall be decided by arbitration upon written request of the insured or us.... State court rules governing procedure and admission of evidence shall be used. (emphasis added)

The parties' rights in an uninsured motorist action may not be permitted to turn on the technicalities of arbitration law and practice. "[T]he purpose of the Act is to provide ground rules and procedures for enforcement of awards through the courts, but not to supersede the agreement entered into by the parties." *Water Works Employees Local No. 1045 v. Board of Water Works*, 44 Colo. App. 178, 615 P.2d 52 (1980).

In *Meade v. Lumbermens Mutual Casualty Co.*, 423 So.2d 908 (Fla.1982), the court was faced with an issue identical to that before us. There, the court held that, in an arbitration confirmation action, an insurer may allege as a defense that the arbitration award exceeded applicable policy limits under circumstances in which the policy limits were not an issue in the arbitration, even though the award was not challenged by the insurer within the time limit prescribed in the Florida arbitration statute.

Consonant with the holding in *Meade*, we rule that, notwithstanding the fact that the insurer did not bring its objection within the thirty-day statutory time period, the insurer may raise a defense in a confirmation action that the arbitration award exceeded the applicable policy limits. To rule otherwise would allow an arbitration panel to increase the limit of liability contained in an insurance policy.

## II.

Plaintiff argues that, even if the trial court erred in confirming the entire award, she is entitled to pre-award interest as determined by the arbitrators. Plaintiff raised this claim before the trial court in the confirmation proceeding, but because the trial court dismissed State Farm's defense as untimely, it did not address this issue. Rather than remand the question for determination by the trial court, in the interest of judicial economy, we address the issue. We hold that State Farm is not liable for pre-award interest in excess of its policy limits.

Absent specific language in an insurance policy to that effect, an insurer is not liable for pre-award interest in excess of its policy limits. *Allstate Insurance Co. v. Allen*, 797 P.2d 46 (Colo.1990). Such interest is an element of damages, and the insurer's policy limit for damages is applicable. There is no such language in the policy at issue here; thus, the policy limit remains applicable.

Because of our disposition of the principal issue in this appeal in Part I above, we need not address State Farm's contention that the principle of equitable estoppel precludes plaintiff from recovering more than the policy limits.

Also, because State Farm is prevailing on its position, the award of attorney fees cannot stand.

The judgment is reversed, and the cause is remanded to the district court with directions that it enter judgment recognizing State Farm's liability only for its policy limit, post-award interest, and costs up to the date of State Farm's tender of payment.

PLANK and JONES, JJ., concur.