**Kay KUTCH, Petitioner,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Respondent.**

**No. 97SC260.**

Supreme Court of Colorado,
En Banc.

May 26, 1998.

**94**

Wilcox & Ogden, P.C., Ralph Ogden, Denver, for Petitioner.

Levy & Lambdin, P.C., Suzanne Lambdin, Martha C. Ferris, Englewood, for Respondent.

Justice SCOTT delivered the Opinion of the Court.

In order to resolve this arbitration dispute, we must decide whether the petitioner, Kay Kutch, is precluded from enforcing an arbitration award in excess of her insurance policy limits despite the failure of the respondent, State Farm Automobile Insurance Company, to seek review of the award within the time allotted by statute.[1]  We hold that

---

1. We granted certiorari to review the decision in *Kutch v. State Farm Mutual Automobile Insurance Company*, 944 P.2d 623 (Colo.App.1997), where the court of appeals reversed the trial court's order confirming an arbitration award on Kutch's uninsured motorist claim.  As framed in the petition for certiorari, the questions presented are:

   (1) Whether the court of appeals erred in holding that an uninsured motorist insurer that has an arbitration award entered against it in ex-

cess of its policy limits may attack that award without regard to either the procedures or the period of limitations specified in the Colorado Uniform Arbitration Act for filing motions to vacate, modify, or correct awards;  and

   (2) Whether, in an uninsured motorist arbitration proceeding in which the arbitrators enter an award which exceeds the insurer's policy limits, this court's decision in *State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.*, 751 P.2d 61 (Colo.1988), and the express pro-

because State Farm's contract defense was time barred, Kutch may enforce the full award. We therefore reverse the judgment of the court of appeals and remand with directions to reinstate the district court's order confirming the arbitration award.

## I.

The underlying facts leading up to the arbitration proceeding are not in dispute. In 1991, Kutch was injured in an auto accident involving an uninsured motorist. The driver of the car in which Kutch was a passenger was insured under an insurance policy issued by State Farm. The terms of the policy provided uninsured motorist (UIM) coverage up to a limit of $100,000 per person per accident. However, State Farm and Kutch, an "insured" under the terms of the policy, were unable to agree on the amount of Kutch's damages, so the matter was submitted to arbitration pursuant to the policy's arbitration clause. The clause called for two questions to be arbitrated: "(1.) Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and, (2.) If so, in what amount?"

On February 3, 1995, the arbitration panel awarded Kutch $176,800, including $130,000 for bodily injuries and $46,800 in pre-award interest. The panel subsequently added $3,349.20 in costs to the award. The arbitration panel based its award solely on the two questions set forth above; that is, the arbiters were not directly asked how much the insurer, State Farm, should be required to pay *under the terms of the policy*. In fact, the parties did not introduce a copy of the insurance policy at the arbitration proceeding, nor did they inform the panel of the policy's coverage limits.

On March 1, 1995, Kutch's attorney sent a demand letter to State Farm's lawyer noting that the arbitration panel had awarded $176,-800, but stating that if payment of the $100,-000 policy limit plus interest was paid within seven days, Kutch would not enforce the award.[2] The letter noted that a month had passed since the award, that "State Farm still ha[d] made no effort to tender the full $100,000 policy limits," and warned that if State Farm failed to tender the amount of the policy limits "within the next seven days," Kutch would "docket the award ... and seek additional costs and attorneys fees." Four weeks later, on March 30, State Farm tendered a draft in the amount of $103,349.20 and asked Kutch to execute and return its "Acknowledgment of Full Satisfaction of Arbitration Award" before negotiating the draft.

Kutch, however, did not negotiate the draft, nor did she execute the satisfaction agreement. By letter dated May 8, 1995, Kutch returned the draft tendered by State Farm and wrote that "[s]ince the amount of the check is not correct," she was returning the check and would not acknowledge satisfaction of the award. Kutch's letter also demanded "a check for the full amount of the arbitration award, costs, and interest."[3] On May 10, 1995, Kutch filed a complaint in the Denver District Court (trial court) seeking confirmation of the full amount of the February 3 arbitration award, asserting that confirmation or judicial enforcement was mandatory because State Farm had not sought to modify the award within the time required by section 13–22–215(1), 5 C.R.S. (1997). In its answer, State Farm admitted that it did not file any application to vacate, modify, or correct the award. However, State Farm invoked the policy limit and the doctrine of equitable estoppel and asserted counterclaims as a defense to confirmation.[4]

On August 9, the trial court issued its order confirming the full $176,800 arbitration award and entered judgment in favor of Kutch, ruling that despite the fact that the

---

visions of the Uniform Arbitration Act allow a district court to vacate that part of an arbitration award which exceeds those limits even if the insurer files its motion outside of the ninety day time period specified by the Act.

2. At the time the demand letter was written, the arbitration panel had not yet issued its supplemental award of $3,349.20 in costs.

3. On May 17, State Farm issued a second draft in the amount of $2,395.44 for post-judgment interest.

4. State Farm's claim of equitable estoppel is not before us so we need not, and do not, address it in this case.

award was well in excess of the policy limit, the "defendant failed to apply for an order vacating the award within ninety days." In addition, by its order, the trial court required State Farm to pay post-judgment interest from the date of the arbitration award. The trial court ruled that it would not consider State Farm's policy limit defense because State Farm had failed "to appeal the unfavorable ruling of the arbitrators by means of [a] section 13–22–214 application to vacate or modify within ninety days" of the award. Therefore, the trial court ruled, State Farm's failure to appeal "denies it the use of a forum to challenge the potentially improper actions of the arbitrators." Hence, the trial court ruled that State Farm was "time-barred from objecting to the award."

The court of appeals reversed, holding that because the policy limit was not presented to the arbitration panel—and was not required to be submitted under the terms of the policy's arbitration clause—the policy limit did not have to be raised in a motion to vacate, modify, or correct the award and could be asserted as a defense to the confirmation complaint. The court of appeals rejected Kutch's argument that because State Farm did not object or appeal the arbiters' award within the time limit specified by statute, it was precluded from raising any such defense in the confirmation proceeding to enforce the arbitration award.

## II.

The two issues we agreed to consider under our order granting certiorari can be reduced to a single question: Under what circumstances and on what grounds is an arbitration award subject to attack in a confirmation proceeding? To answer this question, we must examine the decision of the court of appeals in light of the plain language of the Uniform Arbitration Act of 1975, § 13–22–201 to –223, 5 C.R.S. (1997) (Uniform Arbitration Act), and our precedent, particularly our holding in *State Farm Mutual Automobile Insurance Co. v.*

*Cabs, Inc.*, 751 P.2d 61 (Colo.1988), which set forth certain limitations on judicial review of an arbitration award.

Section 13–22–214(1)(a), 5 C.R.S. (1997), establishes the grounds for vacating an arbitration award as follows:

Upon application of a party, the court shall vacate an award where: (I) The award was procured by corruption, fraud, or other undue means; (II) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; (III) The arbitrators exceeded their powers; (IV) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing . . . as to prejudice substantially the rights of a party; or (V) There was no arbitration agreement . . . and the party did not participate in the arbitration hearing without raising the objection.

Section 13–22–214(2), 5 C.R.S. (1997), provides that "an application [to vacate an award] shall be made within thirty days after delivery of a copy of the award to the applicant."[5]

Section 13–22–215(1), 5 C.R.S. (1997), provides that a court shall modify or correct an arbitration award:

Upon application made within thirty days after delivery of a copy of the award to the applicant . . . where: (a) There was an evident miscalculation of figures or . . . mistake in the description of any person, thing, or property . . . in the award; (b) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or (c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

---

**5.** Prior to July 1, 1993, sections 13–22–214(2) and 13–22–215(1), provided a ninety-day window for an application to vacate an arbitration award. The award in this case was entered on February 3, 1995, and State Farm did not seek judicial review of the award, nor did it move to dismiss the complaint for confirmation until May 31, 1995, almost four months later, so reliance upon the limitation period of thirty or ninety days, as amended, makes no difference to the result in this case.

Section 13–22–213, 5 C.R.S. (1997), states that:

> Upon application of a party, the court *shall confirm* an award, unless within the time limits imposed in this part 2 grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13–22–214 and 13–22–215.

(Emphasis added.)

### III.

■ We hold that under the Uniform Arbitration Act, State Farm's failure to object to or otherwise appeal the arbitration award by asking that it be vacated, modified, or corrected in a timely manner prevents it from raising the contractual policy limits as a defense in a confirmation proceeding after the expiration of the statutory time limit. Under the plain language of sections 13–22–213 to –215, 5 C.R.S. (1997), the Uniform Arbitration Act establishes a procedure for vacating, modifying, or correcting an award under a comprehensive framework for seeking judicial review of an arbitration decision. *See Cabs,* 751 P.2d at 64; *see also* § 13–22–202, 5 C.R.S. (1997) ("The purpose of this part ... is to validate voluntary written arbitration agreements ... and provide an efficient procedure when judicial assistance is necessary."). The failure to comply with the Uniform Arbitration Act's special statutory procedure for challenging an arbitration award on its merits or the power of arbiters to make an award bars any objection to the award in a confirmation proceeding. "Arbitration is a special statutory proceeding, and the [Uniform Arbitration Act] sets out in precise detail the rules which apply concerning confirmation of an arbitration award, and the methods by which a party may request the court to vacate or modify such an award." *Cabs,* 751 P.2d at 65.

### A.

The court of appeals adopted the reasoning of the Florida Supreme Court in *Meade v. Lumbermens Mutual Casualty Co.,* 423 So.2d 908 (Fla.1982), to hold that State Farm was entitled to raise the policy limit as a defense to confirmation. The *Meade* court,

on facts remarkably similar to the instant case, opined that:

> the grounds for seeking vacation or modification of an arbitration award, as set out in [the arbitration statute], limit the applicability of the [time limitation] rule to issues submitted to an arbitration panel.... Since the policy limits were not before the arbitration panel in this case, the insurer was not precluded from raising the defense of the policy limits in the confirmation proceeding filed by petitioner.

*Meade,* 423 So.2d at 910.

Our court of appeals followed *Meade,* holding that "notwithstanding the fact that the insurer did not bring its objection within the ninety-day statutory time period, the insurer may raise a defense in a confirmation action that the arbitration award exceeded the applicable policy limits." *Kutch,* 944 P.2d at 626.

■ State Farm argues and the court of appeals held that because the arbiters were asked to decide the extent of the uninsured motorist's liability to Kutch—and not whether State Farm was liable for the entire amount under its policy—the policy limits were not at issue in the arbitration. Therefore, State Farm reasons, the arbiters' decision does not preclude State Farm from raising defenses in a confirmation proceeding so long as such objections are based on matters that were neither subject to arbitration under the terms of the insurance policy nor actually submitted to the arbitration panel. To properly decide this dispute, however, we must look first to our own precedent. While we acknowledge that *Meade* controls arbitration decisions subject to Florida law, we look to *State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.,* 751 P.2d 61 (Colo. 1988), in order to decide this dispute under Colorado law.

### B.

Our precedent, as set forth in the *Cabs* opinion, forecloses State Farm's line of argument. In *Cabs,* the plaintiff had challenged the constitutionality of the Uniform Arbitration Act in a confirmation proceeding, arguing that an award resulting from an arbitra-

tion conducted pursuant to the act was void. We held that the constitutional claim was not available as a defense to a confirmation proceeding because the plaintiff failed to ask for the award to be vacated, corrected, or modified under the provisions of sections 13–22–214 and 215, 5 C.R.S. (1997). Writing for a unanimous court, Justice Rovira explained:

> Once its provisions come into play, the [Uniform Arbitration Act] imposes a self-contained procedural apparatus, with provisions for challenging an arbitrator's exercise of power. If properly taken advantage of, the statutory scheme outlined in the [Uniform Arbitration Act] would have enabled [the petitioner] to place its substantive concerns before the district court. But by failing to move for an order vacating the award within the statutory time limits, [the petitioner], in effect, waived its right to object to confirmation of the arbitration award.

*Cabs,* 751 P.2d at 64; *accord Fairport Assocs. v. Topelson,* 903 P.2d 1207, 1208–1209 (Colo.App.1995) (applying federal and state law to hold motion to vacate filed after ninety-day limit in federal arbitration statute barred even if in response to motion to confirm filed before period has run).

### C.

State Farm argues that it could not have sought vacation, modification, or correction of the arbitration award because none of the statutory bases for such a motion were applicable, and the court of appeals agreed. However, State Farm does not persuasively explain why it could not have sought to vacate the award on the grounds that the "arbitrators exceeded their powers," *see* § 13–22–214(1)(a)(III), by making an award in excess of the policy limit. Indeed, *Cabs* expressly interpreted this phrase, noting that where "a portion of an arbitration award ... goes beyond the matters submitted to the arbitrator for resolution," the award is void because the arbitrator lacked jurisdiction to make it. In such a case, the arbitration panel would have exceeded its powers for purposes of section 13–22–214(1)(a)(III), 5 C.R.S. (1997). *See Cabs,* 751 P.2d at 66.

State Farm's argument that the arbitration panel did not exceed its power because it was supposed to determine the amount of the uninsured motorist's liability to Kutch is unavailing. If the arbiters were authorized only to decide the extent of the motorist's liability and not to enter an award against State Farm, then the award purporting to establish the amount of State Farm's liability exceeded the arbiters' power. No matter how the policy limits defense is characterized, it could and should have been raised in a motion to vacate or modify the arbitration award. Under our controlling precedent, State Farm's failure to raise the policy limits defense in a motion to vacate or modify the arbitration award bars it from later raising such a claim as a defense to a subsequent confirmation proceeding.

State Farm could have invoked section 13–22–214(a)(III), 5 C.R.S. (1997), to vacate the award on the theory that the arbitration panel exceeded its powers when it awarded Kutch an amount greater than the policy limit. The fact that the policy limit was not subject to arbitration under the agreement only bolsters Kutch's contention that State Farm had grounds to seek an order vacating the award under the statutory framework of the Uniform Arbitration Act but failed to do so. *Cf. Boyce v. St. Paul Property and Liab. Ins. Co.,* 421 Pa.Super. 582, 618 A.2d 962 (1992) (approving award equal to policy limit made without further evidence after court vacated award above limit as beyond authority of arbiter).

### D.

While the arbitration panel's decision may have been based on a mistaken assumption as to the extent of coverage under the policy, both parties elected to withhold information as to the policy limits. Moreover, after obtaining a copy of the arbitration award that exceeded the policy limits, State Farm failed to assert that error within the statutory time period and, hence, did not follow the procedural requirements outlined in the Uniform Arbitration Act to vacate or correct the award of the arbitration panel. "[U]nder both the Act and the common law, an arbitration award is tantamount to a judgment and is entitled to be given such status by a court sitting in review." *Judd Constr. Co. v. Ev-*

*ans Joint Venture,* 642 P.2d 922, 924 (Colo. 1982). Therefore, State Farm's position is not unlike that of a litigant who has failed to file a timely appeal of the final judgment of a trial court.

In fact, the role of the judiciary is even more limited in the arbitration context than in ordinary procedural default cases, because the Uniform Arbitration Act is specifically designed to limit—rather than enlarge—the role of the judiciary and to curb delay. "[T]he role of a court in considering an arbitrator's award is extremely limited. This is in conformity with the purposes of the Uniform Arbitration Act and the significance of an arbitration award. The procedure of the Uniform Arbitration Act is designed to achieve enforcement without undue delay, or undue expense." *Id.; see also International Bhd. of Elec. Workers v. Babcock & Wilcox,* 826 F.2d 962, 966 (10th Cir.1987) (applying Colorado law) (observing that decision allowing collateral attack on arbitration award after limitations period has run would frustrate policy of providing expeditious dispute resolution).

While preventing State Farm from raising the policy limit defense may seem inequitable on the facts of this case, the result we reach is necessary in order to preserve the integrity of the Uniform Arbitration Act's statutory framework. State Farm failed to use the procedure provided under the Uniform Arbitration Act to challenge the award as being beyond the arbiters' power, and allowing the company to raise a defense on the merits for the first time in a confirmation proceeding would be contrary to the goals of the act: to provide a streamlined and expedited alternative to the courts for dispute resolution. *See Foust v. Aetna Cas. & Ins. Co.,* 786 P.2d 450, 451 (Colo.App.1989) ("Since an arbitrator is the final judge of questions of law and fact, the award will not be reviewed by a court merely because of a claimed mistake on the merits.").

We are not unmindful of State Farm's argument that adherence to the strict time limits and appellate procedures contained in the Uniform Arbitration Act may produce results that seem inequitable. However, any rule that attempts to excuse procedural de-

fault following arbitration simply because the defaulting party has an appealing claim on the merits would invite dissatisfied participants in the arbitration process to attempt to recharacterize their arguments in a way that would allow fresh consideration by the courts, all at the expense of just and timely resolution of disputes. The result would be to undermine the use of arbitration as a method of resolving disputes efficiently, conclusively, and comprehensively.

As we explained in *Cabs,* "If properly taken advantage of, the statutory scheme outlined in the [Uniform Arbitration Act] would have enabled [State Farm] to place its substantive concerns before the district court. But by failing to move for an order vacating the award within the statutory time limits, [State Farm], in effect, waived its right to object to confirmation of the arbitration award." *Cabs,* 751 P.2d at 64. Thus, contrary to the characterization of the court of appeals, a ruling in favor of Kutch does not weaken the ability of any party to enforce a contractual arbitration agreement as written. Instead, our holding merely recognizes the procedural rules governing enforcement of such agreements.

## IV.

We hold that under our controlling precedent, *State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.,* 751 P.2d 61 (Colo.1988), the failure to timely object or seek review to vacate, modify, or correct an arbitration award as in excess of an arbiter's power bars a defense on the merits in a confirmation proceeding. Accordingly, we reverse the court of appeals and remand with directions to reinstate the district court's order confirming the arbitration award.

VOLLACK, C.J., dissents, and KOURLIS and HOBBS, JJ., join in the dissent.

Chief Justice VOLLACK, dissenting.

The majority holds that State Farm Mutual Automobile Insurance Company (State Farm) is barred from raising a $100,000 contractual policy limit in a confirmation proceeding because it failed to make a timely request to vacate or modify an arbitration

award pursuant to provisions in the Uniform Arbitration Act, §§ 13–22–201 to –223, 5 C.R.S. (1997) (the UAA). I disagree. In my view, the thirty-day deadlines for vacating or modifying arbitration awards do not apply to issues contractually excluded from the arbitration process. Accordingly, I dissent.

## I.

In 1991, Kay Kutch (Kutch) was injured in a car accident involving an uninsured motorist. Kutch, who was a passenger in the car at the time of the accident, filed an uninsured motorist claim with State Farm under the driver's automobile insurance policy. This policy expressly limited uninsured motorist coverage to $100,000 per person per accident and required arbitration in the event the parties could not agree on damages. Arbitration proceedings were contractually limited to the following two issues: "(1) Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and (2)[i]f so, in what amount?"[1]

On February 3, 1995, the arbitration panel awarded Kutch $176,800, inclusive of interest and exclusive of costs. The panel subsequently awarded Kutch $3,349.20 in costs for a revised total of $180,149.20. On March 1, 1995, Kutch's attorney sent a demand letter to State Farm requesting payment of only the $100,000 policy limit plus post-judgment interest. In response, State Farm tendered a draft in the amount of $103,349.20, which represented the policy limit plus the arbitration panel's award of costs. Kutch refused the offer and filed suit in Denver District Court (the district court) on May 10, 1995, seeking confirmation of the arbitration panel's entire award because State Farm failed to request vacation or modification of the award within ninety days.[2]

The district court confirmed the arbitration panel's entire award and refused to enforce the $100,000 limit set forth in the policy because State Farm "failed to apply for an order vacating the award within ninety days after delivery of a copy of the award as required by section 13–22–214(2)." The court of appeals reversed, concluding that

> notwithstanding the fact that the insurer did not bring its objection within the thirty-day statutory time period, the insurer may raise a defense in a confirmation action that the arbitration award exceeded the applicable policy limits. To rule otherwise would allow an arbitration panel to increase the limit of liability contained in an insurance policy.

*Kutch v. State Farm Mut. Auto. Ins. Co.,* 944 P.2d 623, 626 (Colo.App.1997).

## II.

Section 13–22–214(1)(a), 5 C.R.S. (1997), provides that, upon application of a party, a court shall vacate an arbitration award where:

> (I) The award was procured by corruption, fraud, or other undue means;

> (II) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

> (III) The arbitrators exceeded their powers;

> (IV) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the pro-

---

1. Following its ruling, a member of the arbitration panel submitted a sworn affidavit stating that "[t]he insurance policy and its limits of coverage were not evidence presented to the arbitrators at or before the time of the arbitration." Additionally, the affidavit states that "[t]he arbitrators were not asked by either Claimant or Respondent to determine the extent of coverage under the State Farm Automobile Insurance policy applicable to the uninsured motorist claim of Kay Kutch."

2. At the time Kutch's complaint was filed, section 13–22–214(2), 6A C.R.S. (1993 Supp.), provided that parties seeking modification of an arbitration award must do so within thirty days. Previously, a ninety-day time limit was in place. *See* § 13–22–214(2), 6A C.R.S. (1987). As the majority notes, however, State Farm did not raise the contractual policy limit until after ninety days. Therefore, Kutch's reliance upon a statutory provision no longer in effect is inconsequential.

visions of section 13–22–207, as to prejudice substantially the rights of a party; or

(V) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 13–22–204 and the party did not participate in the arbitration hearing without raising the objection.

Section 13–22–214(2) further provides that "[a]n application under this section shall be made within thirty days after delivery of a copy of the award to the applicant." Additionally, section 13–22–215(1), 5 C.R.S. (1997), provides that "[u]pon application made within thirty days ..., the court shall modify or correct the award where:

(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;

(b) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

The majority holds that State Farm is time barred from raising the $100,000 policy limit as a defense because State Farm did not attempt to vacate or modify the arbitration panel's award within thirty days. I disagree. The arbitration provision in this case does not call for a complete adjudication of all legal issues between the parties. On the contrary, it limits the scope of arbitration to two issues: (1) whether Kutch was entitled to recover damages from the uninsured motorist; and (2) the amount of those damages. Consequently, the arbitration provision purposely excludes questions concerning State Farm's uninsured motorist coverage, including the $100,000 policy limit, from the arbi-

tration panel's consideration. In my view, legal issues contractually excluded from the arbitration panel's consideration are not subject to the procedural requirements of the UAA because these issues cannot be arbitrated. *See Meade v. Lumbermens Mut. Cas. Co.,* 423 So.2d 908, 910 (Fla.1982).[3]

Subjecting contractually excluded issues to the UAA's procedural requirements contravenes the intent of the parties, which controls and defines the manner in which the arbitration is conducted. Here, the parties agreed to arbitrate the limited issues of whether the uninsured motorist, not State Farm, was liable for damages, and if so, in what amount. These issues were resolved by the arbitrators and are subject to the UAA's procedural requirements. However, the parties reserved questions concerning State Farm's liability under the insurance policy for a determination outside of the arbitration process. In my view, these issues were never part of the arbitration process and may therefore be raised in the confirmation proceeding. As our court of appeals has explained, "[i]t is the arbitration agreement between the parties, and not the Uniform Arbitration Act, that controls the nature of the arbitration.... [T]he purpose of the Act is to provide ground rules and procedures for enforcement of awards through the courts, but not to supersede the agreement entered into by the parties." *See Water Works Employees Local No. 1045 v. Board of Water Works,* 44 Colo. App. 178, 179–80, 615 P.2d 52, 53 (1980).

Relying exclusively upon our decision in *State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.,* 751 P.2d 61 (Colo.1988), the majority explains that State Farm could have sought to vacate the panel's award pursuant to section 13–22–214(1)(a)(III) by arguing that the arbitrators exceeded their powers in awarding more than the policy limit. *See* maj. op. at 97–98.[4] As explained above, how-

**3.** In *Meade,* the Florida Supreme Court was faced with an almost identical issue. There, the court held as follows:

[T]he grounds for seeking vacation or modification of an arbitration award ... limit the applicability of the ninety-day rule to issues submitted to an arbitration panel. The sole issue before the arbitrators was the amount of damages sustained by Meade. Since the policy

limits were not before the arbitration panel in this case, the insurer was not precluded from raising the defense of the policy limits in the confirmation proceeding filed by petitioner. *Meade,* 423 So.2d at 910.

**4.** Contrary to the majority, I do not view our decision in *Cabs* as controlling. In *Cabs,* we barred a party from raising the constitutionality

ever, I do not believe State Farm was obligated to raise the policy limit within thirty days because the terms of the insurance contract were not before the arbitration panel. Furthermore, none of the grounds in section 13–22–214 or section 13–22–215 apply because the arbitration panel fulfilled its obligations under the terms of the arbitration provision.[5]

Finally, the majority permits Kutch to recover an amount in addition to the contractual policy limit despite her knowledge and acceptance, recognized in her initial demand letter, that the insurance policy limited her recovery to $100,000. While the majority asserts that such an inequitable result is necessary to preserve the integrity of the UAA, I believe it comes at the expense of the overriding policy of enforcing contractual provisions as they are written. *See Water Works*, 44 Colo.App. at 179–80, 615 P.2d at 53; *see also Bennett Bear Creek Farm Water and Sanitation Dist. v. City and County of Denver*, 928 P.2d 1254, 1266 (Colo.1996) (explaining that "[c]ontracts cannot simply be abrogated, or ignored, and must be given effect in light of their essential purpose and effect"). Because enforcing the arbitration panel's award is in clear violation of the $100,000 policy limit contained in the insurance contract, I would not permit Kutch to recover in excess of that amount.

### III.

I believe State Farm is entitled to have its policy limit enforced regardless of the fact that this contractual provision, which was purposely excluded from the arbitration process, was not raised as part of a request to vacate or modify the arbitration award within thirty days of the arbitration ruling. For

of an arbitration statute in a confirmation proceeding because the issue could have been raised as a claim that the arbitrators exceeded their powers pursuant to section 13–22–214(1)(a)(III). *Cabs*, 751 P.2d at 66. *Cabs*, however, did not address the issue presented by this case of whether the UAA is applicable in situations where the parties submit limited issues to arbitration while reserving others for judicial determination.

5. I disagree with the majority's assertion that State Farm could have asked to vacate the arbi-

this reason, I would affirm the court of appeals.

I am authorized to say that KOURLIS and HOBBS, JJ., join in this dissent.

tration panel's award pursuant to section 13–22–214(1)(a)(III) by arguing that the arbitrators exceeded their powers in awarding Kutch more than $100,000. In essence, the majority is asserting that State Farm should have argued that the arbitration panel's award should be vacated because the panel exceeded its powers in not enforcing a contractual provision it was prohibited from considering. State Farm should not be forced to make such a strained legal argument in order to have a clear and unambiguous contractual provision enforced by a court of law.