COPE, J.
 

 This is an appeal of judgment requiring Citizens Property Insurance Corporation to pay the full amount of an appraisal-award. We conclude that Citizens was entitled to a reduction of the amount for sums it previously had paid to the insured, as well as a reduction on account of the policy deductible. We therefore reverse the order now before us.
 

 I.
 

 Cuban-Hebrew Congregation of Miami, Inc., owns three properties on Miami Beach, Florida, which were insured by Citizens’ Commercial Wind Only Policy. In 2005, Hurricane Wilma struck South Florida and the insured submitted a claim for damage to its properties. Citizens investigated the loss and paid what it believed to be owed for the claim.
 

 In 2006, the insured sued Citizens for breach of contract and declaratory relief. The insured alleged that Citizens had failed to pay the full amount of the insured’s loss with respect to one of the three properties. The trial court compelled appraisal pursuant to the appraisal clause of the insurance policy. Each party appointed an appraiser and the court appointed the neutral umpire.
 

 Two of the three members of the appraisal panel concurred that the amount of the insured’s loss was $194,454. As ordered by the court, the appraisal award delineated the totals by subcategory, spelling out in considerable detail the amounts awarded for the different parts of the building. The award did not include any deduction for the policy deductible or prior payments by Citizens.
 

 Citizens took the position that the appraisal award was subject to reduction for (a) the policy deductible, and (b) payments previously made on the claim. Citizens subtracted those items and issued a check for $106,646.27.
 

 The insured filed a motion to compel payment of the full amount of the appraisal award, without reduction. The trial court entered an order compelling payment of the full amount, and Citizens has appealed.
 

 II.
 

 The appraisal clause provided that if the parties disagreed “on the values of the property or the amount of loss, either may make written demand for an appraisal of the loss.... The appraisers will state separately the value of the property and amount of loss.” The policy did not direct the appraisers to reduce their appraisal by amounts the insurer had previously paid on the claim, or by the deductible.
 

 The award on its face reflects that no reduction was made for the policy deductible or prior payments. In addition, Citizens filed the affidavit of one of the appraisers who signed the award. That affidavit states:
 

 1. My name is HENRY DIAZ and I am over the age of eighteen. I have personal knowledge of all the information contained herein.
 

 2. I was appointed to serve as CITIZENS PROPERTY INSURANCE CORPORATION’S appraiser for the appraisal of the insurance claim that is the subject of the above captioned lawsuit.
 

 3. I countersigned the appraisal award submitted by neutral umpire Marjorie Barron on June 18, 2007....
 

 
 *711
 
 4. The $194,454.00 appraisal award represents the total amount of loss of this claim and equals the total of the line items listed in the appraisal award without reduction for applicable deductible(s) or prior payments made by CITIZENS PROPERTY INSURANCE CORPORATION.
 

 5. Nothing written in the appraisal award was meant to indicate that the applicable policy deductible(s) and/or prior payments should not be deducted from the appraisal award according to the terms and conditions of the subject policy of insurance.
 

 The insured submitted no contradictory evidence.
 

 Where, as here, the appraisers set the overall amount of the loss, but do not reduce the award for prior payments or the deductible, the insurer is entitled to make those deductions. The decision in
 
 Meade v. Lumbermens Mutual Casualty Co.,
 
 423 So.2d 908 (Fla.1982), is instructive. In that uninsured motorist case, an arbitration panel issued an award for $16,709.50, but the policy limit was $10,000. The Court held that the award must be reduced to the policy limit. The Court reasoned that “the issue of the policy limits was not submitted to arbitration by the parties.... Since the policy limits were not before the arbitration panel in this case, the insurer was not precluded from raising the defense of the policy limits in the confirmation proceeding filed by petitioner.”
 
 Id.
 
 at 910. The same logic applies here. The appraisers were directed to appraise the amount of the insured’s loss. The issue of the policy deductible and prior payments was not submitted to the appraisers.
 

 The trial court concluded that Citizens had disobeyed a prior court order to pay the full award. In this case Citizens made the reductions and timely mailed a check to the insured within thirty days after the appraisal award. Through neither party’s fault, the check was returned to Citizens undelivered. The insured filed a motion to compel payment and there was an agreed order saying that “[t]he Defendant will forward payment to the Plaintiff pursuant to the Appraisal Award on or before September 20, 2007.” Citizens timely made the (reduced) payment. The insured objected to the deductions and filed its motion to compel payment of the full amount of the appraisal award, thus bringing the issue before the trial court. While the trial court interpreted the agreed order to require payment of the full appraisal amount, we respectfully disagree. The order for Citizens to make payment “pursuant to the Appraisal Award” did not constitute an order to pay the full amount of the appraisal. Indeed, in another pleading the insured had acknowledged that the appraisal award was “subject to a reduction of possible prior payments and the policy deductible.”
 

 The trial court also reasoned that Citizens had waived the right to make these deductions. It was the court’s view that making these deductions amounted to a modification of the appraisal award. The court concluded that Citizens had delayed unreasonably in bringing the issue to the court.
 

 The trial court looked to the Florida Arbitration Code for guidance, and took the view that making these reductions amounted to a modification of the appraisal award under section 682.14, Florida Statutes (2007). As the trial court saw it, Citizens did not file anything which amounted to a request for modification until after the statutory ninety-day time limit had expired. The court thus concluded that Citizens had waived the point and must pay the full award.
 

 
 *712
 
 The Florida Supreme Court has held that the Florida Arbitration Code is not applicable to appraisal cases.
 
 Allstate Ins. Co. v. Suarez,
 
 833 So.2d 762, 763-66 (Fla.2002);
 
 see Cotton States Mut. Ins. Co. v. D’Alto,
 
 879 So.2d 67, 70 (Fla. 1st DCA 2004);
 
 Nationwide Mut. Fire Ins. Co. v. Schweitzer,
 
 872 So.2d 278, 279 (Fla. 4th DCA 2004). In its oral pronouncement, the trial court recognized that the Florida Arbitration Code was not applicable, because the court stated that it was looking to the Arbitration Code for guidance. In other words, even though the Arbitration Code was inapplicable, the court looked to the Code as providing a useful analogy.
 

 We do not quarrel with referring to the Code by way of analogy, but in this case the analogy was misplaced. As already stated, the appraisers made an estimate of the total loss, without regard to the deductible or any prior payments. Citizens accepted the appraisers’ calculation, and then reduced it by the deductible and the prior payments. Under
 
 Meade,
 
 this procedure was correct. There was no requirement for Citizens to file an application for modification of what the appraisers had done, and there was no waiver of Citizens’ position under the circumstances presented here.
 

 We therefore conclude that Citizens was entitled to reduce the award by the amount of the policy deductible and the previous payments on the loss. If the insured disagrees with Citizens’ calculation, that issue is to be resolved by the trial court.
 
 Meade,
 
 423 So.2d at 910.
 

 As an aside, if there should be a case in which it is not clear whether the appraisers took into account prior payments or the deductible, then the trial court has the authority to require the appraisers to clarify the basis for the award.
 
 See Moser v. Barron Chase Secs., Inc.,
 
 783 So.2d 231, 236-37 (Fla.2001). In this case, however, the situation is clear.
 
 [1]
 

 III.
 

 The trial court’s judgment included a finding that the insured was entitled to an award of attorney’s fees under section 627.428, Florida Statutes (2007). The amount of attorney’s fees has not yet been set. In the exercise of discretion, we address the entitlement issue at this time, and affirm the ruling on entitlement. In this case Citizens had underpaid the insured by $106,646.27. The insured filed suit on the policy. This was followed by the appraisal and culminated in the judgment in favor of the insured for the additional sum. We affirm the award of attorney’s fees on authority of
 
 Travelers Indemnity Insurance Co. of Illinois v. Meadows MRI, LLP,
 
 900 So.2d 676, 679 (Fla. 4th DCA 2005).
 

 Citizens challenges the amount of prejudgment interest. The amount of interest will need to be recalculated in light of our holding regarding the reduction in the appraisal award for the policy deductible and prior payments. Citizens misreads the judgment as requiring payment of interest from September 18, 2007, through March 11, 2008, even though Citizens maintains that it paid the (reduced) award prior to March 11, 2008. The judgment actually states that prejudgment interest will run from “September 18, 2007 and continuing until the award is paid in full.... ” On remand the parties shall calculate prejudgment interest through the date of payment, as the order states.
 
 [2]
 

 
 *713
 
 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
 

 [1]
 

 . Nothing prevents the parties from mutually agreeing to submit the issue of prior payments, or the deductible, to the appraisers if they wish to do so.
 
 See Turnberry Assocs. v. Serv. Station Aid, Inc.,
 
 651 So.2d 1173, 1175 (Fla.1995).
 

 [2]
 

 . We decline to entertain Citizens’ second point on appeal as it appears this argument was not raised in the trial court.