425 So.2d 1212 (1983)
FEDERATED DEPARTMENT STORES, INC., Petitioner,
v.
PAVARINI CONSTRUCTION CO., INC., and Howard P. Foley Company, Respondents.
No. 82-1100.
District Court of Appeal of Florida, Fourth District.
February 2, 1983.
Roland C. Goss of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for petitioner.
Richard C. Milstein of August, Pohlig & Milstein, P.A., Coral Gables, for respondent  Pavarini Construction Co., Inc.
Robert J. Asti of Arky, Freed, Stearns, Watson & Greer, P.A., Tampa, for respondent  Howard P. Foley Co.
PER CURIAM.
By petition for writ of common law certiorari Federated Department Stores, Inc., *1213 seeks review of two orders of the circuit court staying a trial court proceeding for interpleader and granting respondents' motions to compel arbitration.
We have considered all of petitioner's contentions pointing to alleged error in the trial court's rulings and find no reason to quash the orders in question. Accordingly, we would simply deny the petition except that we deem it appropriate to comment upon the question of which tribunal should determine whether the right to arbitration has been waived.
Numerous cases can be cited wherein the circuit court has determined whether the right to arbitration has been waived and those decisions have been reviewed without any comment indicating the question might be one for the arbitrators. However, that very question was raised in Public Health, etc. v. M.R. Harrison Const., 415 So.2d 756 (Fla. 3d DCA 1982), and the court held the question whether arbitration has been waived was one for arbitrators to decide rather than the court. The opinion points out that the question can be decided by a court if no issue is made with regard thereto. But when issue is drawn over which tribunal should decide the question the nod should be given to the arbitrators. We believe the Public Health case is well reasoned and opt to follow it. Nor are we concerned with the ostensible conflict with our decision in Wm. Passalacqua Bldrs. v. Mayfair House Ass'n, 395 So.2d 1171 (Fla. 4th DCA 1981), wherein the opinion states that a motion to compel arbitration requires a judicial determination of, among other things, the question whether arbitration has been waived. We would simply modify that statement as follows: the question whether arbitration has been waived may be decided by a court unless one of the parties contends the waiver question should be answered by the arbitrators in which case it should be answered by the arbitrators.
In view of the foregoing we deny the petition for writ of certiorari with the understanding that the question of waiver of the right to arbitrate shall be resolved in the arbitration proceeding.
DOWNEY, HERSEY and GLICKSTEIN, JJ., concur.