**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Alyene HAYS, Defendant.**

No. 89-15-CIV-T-17.

United States District Court,
M.D. Florida,
Tampa Division.

July 6, 1989.

Michael S. Rywant, Mitchell, Alley, Rywant & Vessel, Tampa, Fla., for plaintiff.

Jon H. Anderson, Lakeland, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to compel arbitration, con-

sidered as a motion for summary judgment, Plaintiff's response thereto, Defendant's reply and Plaintiff's further response. The Court also has for consideration supporting affidavits filed by the parties.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed. 2d at 274. The Court is satisfied that no factual issue remains which precludes summary judgment.

The insurance policy in effect at the applicable time clearly provides that the parties may agree to arbitrate claims under the subject policy. Plaintiff and Defendant agreed to arbitrate, an arbitration hearing was scheduled, and one day prior to the

hearing this action was filed, in which Plaintiff alleges that Defendant's failure to be deposed or give a sworn statement prior to the arbitration hearing waives her right to arbitrate. After the filing of this complaint for declaratory relief, Defendant filed her motion to compel arbitration on February 8, 1989.

Defendant contends that once a motion to compel arbitration is filed, the Court only has jurisdiction to address the validity of the arbitration clause in question. However, Florida courts have held the question of waiver may be decided by the Court unless one of the parties contends that the waiver question should be answered by the arbitrators. *Federated Department Stores, Inc. v. Pavarini Construction Co., Inc.*, 425 So.2d 1212 (4th DCA 1983).

I.  Failure to Give Deposition

■■  Section 682.08, *Florida Statutes*, provides:

(1) Arbitrators, or an umpire authorized to hear and decide the cause upon failure of the arbitrators to agree upon an award, in the course of his jurisdiction, may issue subpoenas for the attendance of witnesses and for the production of books, records, documents and other evidence, and shall have the power to administer oaths. Subpoenas so issued shall be served, and upon application to the court by a party to the arbitration or the arbitrators, the umpire, enforced in the manner provided by law for the service and enforcement of subpoenas in a civil action.

(2) On application of a party to the arbitration and for use as evidence, the arbitrators, or the umpire in the course of his jurisdiction, may permit a deposition to be taken, in the manner and upon the terms designated by them or him of a witness who cannot be subpoenaed or is unable to attend the hearing.

(3) All provisions of law compelling a person under subpoenas to testify are applicable.

(4) Fees for attendance as a witness shall be the same as for a witness in the circuit court.

Since the applicable statute does not command Defendant to submit to a deposition prior to the hearing, the Court cannot find that Defendant has waived her right to arbitrate by refusing to do so. The rules of civil procedure governing discovery apply to civil actions. Prior to the filing of this case, there was no pending civil action. Plaintiff has not brought to the Court's attention any case which holds that failure to give a deposition prior to an arbitration hearing waives the right to proceed to arbitration, and the applicable statute does not command formal discovery.

II.  Failure to Give Sworn Statement

■■  The applicable insurance policy contains the following provisions:

A person seeking coverage must:

1.  Cooperate with us in the investigation, settlement or defense of any claim or suit.

2.  Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3.  Submit, at our expense and as often as we reasonably require, to physical examinations.

4.  Authorize us to obtain medical records or other pertinent records.

5.  Submit a proof of loss when required by us.

A person seeking Uninsured Motorists Coverage must also:

1.  Promptly notify the police if a hit-and-run driver is involved.

2.  Promptly send us copies of the legal papers if suit is brought.

Plaintiff argues that it is a common and usual practice within the industry for a claimant to submit to a deposition or sworn statement when submitting a claim for arbitration under the uninsured motorist provisions of an insurance policy. Plaintiff has provided the affidavits of insurance adjusters to support this contention.

The record before the Court shows that Defendant Hays gave a statement to Plaintiff on January 11, 1988. The transcript of the statement is nineteen pages long, and appears to the Court to be comprehensive as to the circumstances of the accident,

Defendant's injuries at that time, and Defendant's subsequent physical condition.

Plaintiff argues that since the statement given is not sworn to, it cannot be used to substantiate its veracity. Plaintiff further argues that without a sworn statement Plaintiff has no assurance as to Defendant's account of the accident, her pre-accident physical condition, injuries sustained in other incidents or her present physical condition.

It is not clear to the Court whether Plaintiff ever requested that Defendant swear to the statement already given, or whether Defendant ever refused to do so. Based on an examination of the record, the Court has assumed that Plaintiff is seeking a further statement in addition to the initial tape-recorded statement taken.

Plaintiff has had the opportunity to question Defendant as to her pre-accident physical condition and injuries sustained in other incidents when Defendant's statement was taken. In addition, this information is available to Plaintiff through other sources by means of the authorizations and claim forms required. Plaintiff has provided no caselaw to the Court which holds that a claimant's failure to provide a sworn statement in addition to a comprehensive initial statement constitutes a breach of the duty to cooperate resulting in waiver of the right to proceed to arbitration. Plaintiff has not argued that coverage should be denied due to the alleged failure to cooperate, but that Defendant should be compelled to litigate, wherein Defendant could be compelled to give a deposition.

Notwithstanding the fact that ordinarily claimants and their insurance companies voluntarily agree to pursue discovery prior to an arbitration hearing, the Court can find no basis for compelling Defendant to do more than she has already done before proceeding with the arbitration of her uninsured motorist claim. The question before the Court is whether Plaintiff is entitled to as much discovery as it wants before proceeding to arbitration.

Plaintiff and Defendant agreed to arbitrate pursuant to a valid arbitration clause. Defendant gave a statement when requested. The desired information is available from other sources. At the arbitration hearing Plaintiff will have the opportunity to challenge the statement given, and the arbitrators can judge Defendant's demeanor. Plaintiff has not established any hardship which would justify an order compelling discovery prior to the arbitration hearing. The Court grants Defendant's motion to compel arbitration and finds that no waiver of the right to arbitrate occurred when Defendant refused to give another statement prior to the arbitration hearing.

### III. Rule 11 Sanctions

█ Arbitration is an alternative dispute resolution process which is designed to avoid the delays and costs of litigation. Undoubtedly discovery procedures are not codified to afford the parties maximum flexibility in undertaking discovery prior to a hearing on the merits.

This case was filed on the eve of the scheduled arbitration hearing. The hearing had been scheduled for over a month, and notice of an objection to the proceeding could have been given in advance so that Defendant could have avoided the costs of cancellation. Plaintiff's tactical maneuvering has prejudiced Defendant by needlessly increasing costs. Defendant is directed to file an affidavit compiling the costs resulting from the cancellation of the scheduled arbitration hearing within ten days of the date of this Order. Accordingly, it is

ORDERED that Defendant's motion to compel arbitration, considered as a motion for summary judgment, is granted, and the Clerk of Court shall enter a final judgment in favor of Defendant and dismiss this case; it is further

ORDERED that all motions to strike are denied; it is further

ORDERED that all requests for oral argument are denied; it is further

ORDERED that Defendant shall submit an affidavit of attorney's fees for this proceeding and the cost of cancellation of the arbitration hearing. Jurisdiction is re-

served for the award of sanctions, fees and costs.

DONE and ORDERED.