ORDER DENYING MOTION

TO AMEND NOTICE OF APPEAL

KLEIN, Judge.
The final judgment in this case, rendered on September 3, 1997, was timely appealed by a notice filed on October 3, 1997. The trial court then entered a judgment taxing costs on December 8, 1997. On January 15, 1998, after the time for appealing the cost judgment expired, appellants filed this motion, to amend their October 3; 1997 notice of appeal, so as to allow them to appeal the cost judgment. In the motion they state that they are not seeking reversal of the cost judgment except in the event the final judgment is reversed.
We must deny the motion to amend the notice of appeal on jurisdictional grounds, because no notice of appeal was filed within thirty days of the cost judgment. As our supreme court explained in Norm Burg Construction v. Jupiter Inlet Corp., 514 So.2d 1102, 1107 (Fla.1987), an appeal taken from one judgment “cannot provide a basis for appellate review of a subsequently rendered, separate and independent final judgment.” The subsequent judgment in that case was not a cost judgment; however, this court has held that it does not have jurisdiction to review an unappealed cost judgment entered eight days after the notice of appeal from the main judgment was filed. Velickovich v. Ricci, 391 So.2d 258 (Fla. 4th DCA 1980).
Florida Rule of Appellate Procedure 9.110(h) provides that multiple final orders may be reviewed by a single notice of appeal, so long as the notice is timely as to each order. Thus, if the cost judgment in the present case had been entered prior to the notice of appeal, and the notice was timely as to the cost judgment, a motion to amend the notice of appeal to include the cost judgment would have been in order.
*348 Having to file a separate notice of appeal from a judgment for costs or attorney’s fees, entered after a notice of appeal has already been filed from the main judgment, requires, of course, the payment of an additional filing fee. Where, as here, the only reason for appealing the second judgment is in the event the main judgment is reversed, parties should consider stipulating that the second judgment would be vacated if the main judgment were reversed. Such a stipulation would not only save the appellant the additional filing fee, but would also save both parties attorneys’ fees and would not expose the appellee to having to bear the cost of that filing fee in the event the cost judgment is reversed.[1]
The motion to amend notice of appeal is denied.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. Additionally, an appellant who neglects to timely appeal the second judgment could, in the event the main judgment is reversed, seek relief in the trial court through Florida Rule of Civil Procedure 1.540(b)(5), which authorizes a court to relieve a party from a final judgment on the ground that "a prior judgment or decree upon which it is based has been reversed.”