737 So.2d 612 (1999)
SCHOOL BOARD OF ST. LUCIE COUNTY, Appellant,
v.
Robert HILSON, Matthew Guettler & Donald Kern, Appellees.
No. 98-3259.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
Glen J. Torcivia of the Law Offices of Glen J. Torcivia, P.A., West Palm Beach, for appellant.
David B. Earle of Wackeen, Cornett, Googe & Ross, P.A., Stuart, for appellees.
POLEN, J.
This is a timely appeal by the School Board of St. Lucie County ("school board") of three nonfinal orders denying its motions for summary judgment on suits filed by appellees, Robert Hilson, Matthew Guettler, and Donald Kern, all carpenters formerly employed by the school board. After the school board terminated the appellees, each of them filed a formal grievance, as provided by the school board's collective bargaining agreement. The school board, in response, returned the grievance forms to them, claiming that the appellees were merely "temporary" employees and not entitled to use the grievance procedures, nor to any other benefits specified under the union agreement.
The agreement provided for a formal grievance procedure in which the employee would first file a written grievance on a specified form with his immediate supervisor. The supervisor would then have seven days to hold a hearing with the grievant, and render a decision within five days of the hearing. Thereafter, the grievant, if unsatisfied, could appeal the supervisor's decision. If still unsatisfied, the employee would have to pursue arbitration before suing in circuit court.
Here, the appellees, after the school board returned their grievance forms, immediately filed suit against the school board in circuit court for breach of contract *613 and fraud in the inducement based on provisions in the union agreement. In a subsequent motion for summary judgment, the school board argued that the appellees had failed to exhaust their administrative remedies by failing to pursue arbitration before filing suit. The appellees countered that the school board waived the right to demand arbitration when it failed to take the proper procedural steps required by the agreement upon its receipt of the grievance forms.
In three separate orders, the trial court denied the school board's motion for summary judgment. It found that the question of whether the appellees were required to exhaust their administrative remedies, or whether the school board's actions waived the right to demand arbitration, raised questions of fact precluding summary judgment. This appeal followed.
In Federated Department Stores, Inc. v. Pavarini Construction Co., 425 So.2d 1212 (Fla. 4th DCA 1983), this court held that the question of whether arbitration has been waived may be decided by the court unless one of the parties, as here, contends that the waiver issue should be answered by the arbitrators. See id. at 1213. In other words, whether arbitration in this case was waived by the school board's failure to engage in the union agreement's grievance procedure was itself properly subject only to arbitration. See City of Miami v. Fraternal Order of Police Lodge No. 20, 378 So.2d 20, 26 (Fla. 3d DCA 1979). Thus, we hold that the trial court should have stayed the litigation pending a determination by an arbitrator of all issues raised by the pleadings, including whether the school board, through its actions, waived the right to compel arbitration.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
FARMER and KLEIN, JJ., concur.