PLEUS, C.J.
Given the absence of a timely challenge to the arbitration award or presenta *87 tion of a viable issue to the trial court which had not been submitted to arbitration, the trial court was correct in confirming the arbitration award and entering final judgment in favor of Wachovia. §§ 682.12, 682.13, 682.15, Fla. Stat. See A-1 Roofing v. Select Contracting, Inc., 865 So.2d 601 (Fla. 3d DCA 2004). See also Meade v. Lumbermen’s Mutual Cas. Co., 423 So.2d 908 (Fla.1982).
Hinshaw also challenges the separate, post-judgment order awarding Wa-chovia attorney’s fees and costs. However, Hinshaw’s failure to direct a timely notice of appeal to this final, distinct order precludes appellate review. See Mendoza v. Mendoza, 842 So.2d 1020 (Fla. 5th DCA 2003); Miller v. Nassofer, 484 So.2d 619 (Fla. 5th DCA 1986). See also Bove v. Ocwen Financial Corp., 763 So.2d 347 (Fla. 4th DCA 1998).
AFFIRMED.
GRIFFIN and LAWSON, JJ., concur.