LaROSE, Judge.
 

 Robert Nucci, M.D., appeals a final judgment confirming an arbitration award of over $3.5 million in favor of Storm Football Partners (the Partners). We have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.030(b)(1)(A). We review the final judgment confirming the arbitration award for “‘an abuse of extremely limited discretion.’ ”
 
 Murton Roofing Corp. v. FF Fund, Corp.,
 
 930 So.2d 772, 773 (Fla. 3d DCA 2006) (quoting
 
 Commc’ns Workers of Am. v. Indian River County Sch. Bd.,
 
 888 So.2d 96, 99 (Fla. 4th DCA 2004)). We find no merit to Dr. Nucci’s argument that the Partners waived the right to arbitrate by suing him for injunctive relief in the trial court and conducting discovery in that case. The Partners exercised their rights in accordance with their confidentiality, nondisclosure, and noncircumvention agreement (the Agreement) with Dr. Nuc-ci; they did not waive their right to arbitrate. Thus, we affirm.
 
 [1]
 

 The Partners formed in 2005 to purchase the Tampa Bay Storm arena football team. Some two years later, Dr. Nucci, having an interest in becoming a part owner of the Storm, sought to review the Partners’ confidential business information. He and the Partners entered into the Agreement, after which the Partners provided the requested information to Dr. Nucci.
 

 The Agreement provided in pertinent part as follows:
 

 6. You agree that the remedy at law of the Partners would be inadequate as to any unauthorized use or disclosure of the [confidential [information by you and agree that the Partners shall be entitled to preliminary and permanent injunctions in any court of competent jurisdiction to prevent such unauthorized use or disclosure by you.
 

 7. You agree that if circumvention of the Partners to acquire or invest in the Storm occurs, the damages will be calculated as thirty percent of the value of the price paid to purchase the franchise. This percentage represents Partners’] projected ownership of the franchise at acquisition.
 

 9. Any dispute or controversy arising under or in connection with this Agreement shall be settled by binding arbitration, which shall be the sole and exclusive method of resolving any questions, claims or other matters arising under or related to this Agreement. Such proceedings shall be conducted by contractual final and binding arbitration before one mutually agreed upon arbitrator under the administration of the American Arbitration Association (AAA) in St. Petersburg, Florida. The federal and state courts in Florida are hereby given jurisdiction to render judgment upon, and to enforce, each arbitration award, and the parties hereby expressly
 
 *182
 
 consent and submit to the jurisdiction of such courts.
 

 The Agreement also provided that Dr. Nucci would not “directly or indirectly, either alone or with one or more parties, seek to acquire or invest in the Storm, without the prior written consent of the Partners.”
 

 Shortly after he signed the Agreement and received the confidential business information, Dr. Nucci began direct negotiations with the Storm’s owner, unbeknownst to the Partners. He wrote to the Partners in an effort to terminate the Agreement. The Partners consented to the termination. They reminded Dr. Nucci, however, that he was precluded, for one year, from acquiring or investing in the Storm without their consent. The Partners also demanded the return of the confidential business information; Dr. Nucci failed to comply. He asked the Partners to release him from the Agreement; they declined his request. He continued to negotiate with the owner to buy the Storm.
 

 Eventually, Dr. Nucci acquired a fifty-one percent interest in the Storm for over $9.6 million. He could acquire the remaining forty-nine percent in two future closings for a total purchase price of over $18.8 million. Allegedly, Dr. Nucci used the Partners’ confidential business information to orchestrate his acquisition. The Partners took action.
 

 On the same day they sued for injunc-tive relief in the trial court, the Partners initiated an arbitration proceeding for damages. Dr. Nucci asked the arbitrator to dismiss the arbitration. He argued that the Partners waived their right to arbitrate by suing him in the trial court. The arbitrator refused to dismiss the arbitration. He concluded that paragraphs six and nine of the Agreement contemplated that the parties could simultaneously pursue damage claims in arbitration and in-junctive relief in the trial court. Dr. Nucci and the Partners then agreed that they could use discovery obtained in the injunction case in the arbitration:
 

 The parties stipulate to the use of depositions, answers to interrogatories, and responses to requests for admissions taken in connection with the pending companion civil case. The arbitrator may be asked to determine the admissibility of these items on other grounds.
 

 Our review of the record reflects that the trial court discovery was limited to the Partners’ claim for injunctive relief.
 

 The parties proceeded with a final arbitration hearing. Dr. Nucci lodged no objection and did not renew his motion to dismiss the arbitration. The arbitrator entered a substantial damage award in favor of the Partners. They asked the trial court to confirm the arbitration award.
 
 See
 
 § 682.01, Fla. Stat. (2008) (providing that sections 682.01-.22 comprise the “Florida Arbitration Code”); § 682.12 (providing for confirmation of an award by court). Dr. Nucci asked the trial court to vacate the award.
 
 See
 
 § 682.13(1). He argued to the trial court that the Partners waived their right to arbitrate by suing him for injunctive relief. In Dr. Nucci’s view, the arbitrator exceeded his power by proceeding despite the Partners’ waiver.
 
 See
 
 § 682.18(l)(c) (providing in pertinent part that a court shall vacate an arbitration award if “[t]he arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers”). Further, according to Dr. Nucci, the Partners’ waiver compelled the conclusion that no valid arbitration agreement remained.
 
 See
 
 § 682.13(l)(e) (providing that an arbitration award shall be vacated when “[tjhere was no agreement or provision for arbitration subject to this law ... unless the party participated in the arbitration hearing without raising the objection”).
 

 
 *183
 
 Section 682.13(1) provides limited grounds to vacate an arbitration award.
 
 See Schnurmacher Holding, Inc. v. Noriega,
 
 542 So.2d 1327, 1328 (Fla.1989). When an arbitration award encompasses the issues submitted to arbitration and the arbitrators have committed no conduct proscribed by the arbitration statute, the award operates as a final and conclusive judgment.
 
 Id.
 
 at 1328;
 
 see also
 
 § 682.15. Absent a basis to vacate, the trial, court must confirm.
 
 Noriega,
 
 542 So.2d at 1328 (citations omitted). Under section 682.13(1)(c), the arbitrator exceeds his power only when he exceeds the authority the parties granted him in their agreement to arbitrate.
 
 Noriega,
 
 542 So.2d at 1329. For example, an arbitrator may very well exceed his authority when he decides an issue that is not pertinent to resolving the issue submitted to arbitration.
 
 Id.
 
 at 1329.
 

 Dr. Nucci consented to arbitration by submitting the waiver issue to the arbitrator in the first instance.
 
 See LeNeve v. Via South Florida, L.L.C.,
 
 908 So.2d 530, 534-35 (Fla. 4th DCA 2005) (explaining that “an arbitrator’s jurisdiction derives from the parties’ agreement and can broaden during the course of arbitration ‘by waiver, failure to object and consent.’ ”) (quoting
 
 City of West Palm Beach v. Palm Beach Cnty. Police Benevolent Ass’n,
 
 387 So.2d 533, 534 (Fla. 4th DCA 1980))). He asked the arbitrator to decide whether the Partners’ lawsuit for injunc-tive relief was inconsistent with the right to arbitrate. Dr. Nucci asked the arbitrator, not the trial court, to dismiss the arbitration. He did not succeed in that forum. He raised this issue with the trial court after the conclusion of the arbitration in which he suffered an adverse award. Having elected to proceed before the arbitrator, Dr. Nucci cannot claim that the arbitrator exceeded his authority.
 
 See Federated Dep’t Stores, Inc. v. Pavarini Constr. Co.,
 
 425 So.2d 1212, 1213 (Fla. 4th DCA 1983) (stating that “the question whether arbitration has been waived may be decided by a court unless one of the parties contends the waiver question should be answered by the arbitrators in which case it should be answered by the arbitrators”);
 
 see also City of Mount Dora v. Cent. Fla. Police Benevolent Ass’n,
 
 600 So.2d 520, 521-22 (Fla. 5th DCA 1992) (affirming trial court’s denial of motion to vacate arbitration award; arbitrator did not exceed his powers when he decided procedural arbitrability issue);
 
 see also Harris v. Haught,
 
 435 So.2d 926, 928 (Fla. 1st DCA 1983) (holding that voluntary submission of issue to arbitrator without objection as to arbitrator’s jurisdiction forecloses that argument on appeal). We also note that the Agreement, save for injunc-tive relief, does not limit the issues that the parties agreed to arbitrate.
 

 Dr. Nucci has shown no basis for relief. The trial court’s orders denying his motion to vacate and confirming the arbitration award, as well as its final judgment, are affirmed in all respects.
 

 Affirmed.
 

 WHATLEY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Dr. Nucci also argues that the Partners are not entitled to liquidated damages. In light of our determination that a valid arbitration agreement exists and the arbitrator acted within his powers, we find this argument meritless and do not discuss it further.