# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ZAHAV REFI LLC; ZAHAV FLORIDA, LLC; ZAHAV REFI II LLC;
SP POOL 7 ZAHAV FL LLC; BOG TWELVE ZAHAV FL LLC; and
POOL7 ZAHAV FLORIDA, LLC,

Appellants,

v.

WHITE HAWK ASSET MANAGEMENT, INC.,

Appellee.

No. 2D2023-0072

_____

April 17, 2024

Appeal from the Circuit Court for Hillsborough County; Melissa M. Polo, Judge.

Dwayne A. Robinson of Kozyak Tropin & Throckmorton LLP, Miami, for Appellants.

Matthew D. Wolf of Ivanov & Wolf, PLLC, Tampa, for Appellee.

CASANUEVA, Judge.

Presented in this appeal is a challenge to an arbitrator's final award of specific performance and the circuit court's order approving the arbitrator's final award. These two component parts yield a singular

challenge as to the circuit court's final judgment in favor of White Hawk Asset Management, Inc., approving the arbitration award compelling Zahav Refi LLC, et al., to perform in accordance with the parties' contract to purchase real property.

Because we conclude that the Appellants (collectively Zahav) have failed to establish a basis to set aside the final judgment, we affirm.

## I. Background

On March 11, 2021, the parties entered into a contract (the Purchase Agreement) for twenty-seven residential rental properties in and around Tampa and St. Petersburg. Zahav was to sell the properties to White Hawk for $3.26 million. The Purchase Agreement stated that the parties would close within sixty days from the date of the agreement. In paragraph 25, the Purchase Agreement included a single sentence which read, "Time is of the essence of this Agreement." The Purchase Agreement also provided for a thirty-day inspection period and for a closing date extension of up to thirty days if White Hawk paid an additional $25,000, nonrefundable deposit. If a controversy arose with respect to the subject matter of the Purchase Agreement, the parties agreed to settle the controversy by final, binding arbitration.

A controversy arose when the transaction did not close within the sixty-day period provided. Initially, after White Hawk exercised its option to extend the closing by thirty days in exchange for $25,000, the parties agreed to amend/extend the contract. And after inspections, the parties agreed to amend the contract again by eliminating certain properties from the Purchase Agreement, adjusting the purchase price to $3,108,786, and extending the closing date to June 9, 2021. However, when Zahav declined a third closing date extension, White Hawk petitioned the circuit court for judicial relief to enforce the mandatory,

2

binding arbitration provision. The circuit court granted the petition, and the parties proceeded to arbitration.

During arbitration, White Hawk contended that Zahav breached the contract by failing to disclose a lien on one property and by failing to provide clear and marketable title as to all properties, which caused a delay in closing. White Hawk sought specific performance of the contract. White Hawk prevailed on its claims, and on May 13, 2022, the arbitrator issued a final award of specific performance and directed the parties to close the transaction "expeditiously." Following the award, Zahav moved for clarification of the term "expeditiously." Zahav argued that at the time of its motion, the final award had been issued over thirty days ago and requested the arbitrator clarify that "expeditiously" did not extend beyond thirty days from the final award. The arbitrator denied the motion, reasoning that the "authority of the arbitrator did not extend to writing a number of days into the agreement between the parties."

White Hawk later moved to modify the award in the circuit court, arguing that it was still unable to close on the properties and requested further clarification of the term "expeditiously." On September 7, 2022, the court denied the motion to modify and stated that "the award was issued on May 13th. 'Expeditious' has already expired." Shortly thereafter, however, White Hawk moved to confirm the final arbitration award. At the hearing on White Hawk's amended motion to confirm the award, Zahav argued that the arbitration award directing the parties to close "expeditiously" did not permit White Hawk to close after 132 days of the award. Ultimately, the circuit court entered an order granting the motion for confirmation and a final judgment in conformity with the final award—granting White Hawk specific performance and ordering the parties to "close the transaction expeditiously."

3

Zahav argues on appeal that the circuit court erred in entering a final judgment which awarded White Hawk a closing date beyond the time frame agreed upon in the Purchase Agreement.

## II. Discussion

"A very high degree of conclusiveness attaches to an arbitration award." *EIG Servs., Inc. v. One Call Med., Inc.*, 348 So. 3d 682, 686 (Fla. 1st DCA 2022) (quoting *Deen v. Oster*, 814 So. 2d 1065, 1068 (Fla. 4th DCA 2001)). As such, we review a final judgment confirming an arbitration award for abuse of discretion. *Nucci v. Storm Football Partners*, 82 So. 3d 180, 181 (Fla. 2d DCA 2012). However, issues of law are reviewed de novo. *Lopez v. Avatar Prop. & Cas. Ins.*, 313 So. 3d 230, 236 (Fla. 5th DCA 2021).

Initially, two statutes inform our decision. First, for purposes of this appeal, section 682.015(1), Florida Statutes (2020), provides that a petition for judicial review of an arbitrator's award "must be made to the court and heard in the manner provided by law or rule of court for making and hearing motions." Section 682.15, the second statutory provision, demands that when the circuit court enters an order, as was done here, confirming the arbitration award, "the court shall enter a judgment in conformity" with the arbitration award. Here, the circuit court acted in conformity with this provision.

We begin by noting that section 682.12 provides that "[a]fter a party to an arbitration proceeding receives notice of an award, the party *may* make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified[,] . . . corrected[,] . . . or vacated." (Emphasis added.) As indicated by the discretionary language, a motion to confirm is not mandatory. This is because "the arbitration award becomes final once

4

the arbitrator releases his findings." *Cap. Factors, Inc. v. Alba Rent-A-Car, Inc.*, 965 So. 2d 1178, 1182-83 (Fla. 4th DCA 2007) (citing *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 300 F. Supp. 2d 1281, 1286 (S.D. Fla. 2004)). And when an award is final, the parties are required to abide by it. *See id.* at 1182; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984) ("An unconfirmed award is a contract right that may be used as the basis for a cause of action."); *OJ Com., LLC v. Amazon Servs., LLC*, No. 20-cv-20218, 2020 WL 7264273, n.9 (S.D. Fla. 2020) ("Parties are not free to simply ignore an arbitration award.").

Generally, a party has ninety days from the date of the award to seek vacation, modification, or correction of the award. *See* §§ 682.13, .14. However, as held by the Florida Supreme Court in *Meade v. Lumbermens Mutual Casualty Co.*, 423 So. 2d 908, 910 (Fla. 1982), time limitations under Florida's arbitration code for seeking vacation or modification of an arbitration award are applicable only to issues submitted to an arbitration panel. Thus, an issue not raised in arbitration could be raised as a defense at a confirmation hearing. But absent a basis to vacate, modify, or correct, or the presentation of an issue to the circuit court which had not been submitted to arbitration, the circuit court must confirm the arbitration award. *See Nucci*, 82 So. 3d at 183 (citing *Schnurmacher Holding, Inc.*, 542 So. 2d 1327, 1328 (Fla. 1989)); *Hinshaw v. Wachovia Bank, N.A.*, 935 So. 2d 86, 86-87 (Fla. 5th DCA 2006) ("Given the absence of a timely challenge to the arbitration award or presentation of a viable issue to the trial court which had not been submitted to arbitration, the trial court was correct in confirming the arbitration award and entering final judgment in favor of Wachovia." (citing *Meade*, 423 So. 2d at 908)). And pursuant to section 682.15(1), "[u]pon granting an order confirming . . . an award, the court shall enter

5

a judgment in conformity" with the award.  Therefore, if a court enters an order confirming an arbitration award, it is then required to enter a judgment in conformity with such award.

Zahav argues on appeal that the circuit court should have set aside the arbitrator's award.  Section 682.13 sets forth substantive and procedural requirements that must be met in order to vacate an arbitration award.

Among the bases to obtain a vacatur of the award, subsection (1) demands the following:

> a.  a demonstration that the award was "procured by corruption, fraud, or other undue means,"
> b.  a demonstration that the arbitrator was not neutral and demonstrated evident partiality, or
> c.  a showing that the "arbitrator exceeded" its permitted powers.

Our supreme court has observed that

> the *finality and enforceable nature of an arbitration award is a characteristic of arbitration that distinguishes it from other forms of alternative dispute resolution.*  To allow judicial review of the merits of an arbitration award for any reasons other than those stated in section 682.13(1) would undermine the purpose of settling disputes through arbitration.

*Visiting Nurse Ass'n of Fla., Inc. v. Jupiter Med. Ctr., Inc.*, 154 So. 3d 1115, 1135 (Fla. 2014) (quoting *Schnurmacher Holding, Inc.*, 542 So. 2d at 1329).  Consistent with this policy, the supreme court noted, "[W]e have previously held that section 682.13(1) sets forth the only grounds upon which an award of an arbitrator may be vacated."  *Id.* at 1134.  Following *Visiting Nurse,* we conclude that the circuit court did not err in finding that Zahav failed to establish the existence of any of the factors identified in section 682.13(1).

6

Both on appeal and before the circuit court, Zahav contends that this court's opinion in *Arvilla Motel, Inc. v. Shriver*, 889 So. 2d 887 (Fla. 2d DCA 2004), is binding and controlling. We disagree. Initially, we observe that *Arvilla Motel* was a 2005 opinion of this court and predates by almost a decade the supreme court's opinion in *Visiting Nurse*. Next, *Arvilla Motel* is not a case involving arbitration. Rather, "Shriver sued Arvilla for specific performance," and "[a]fter a nonjury trial, the court concluded that Arvilla had either waived or modified the 'time is of the essence' clause and ordered specific performance of the contract." *Id.* at 890. Thus, the challenge in *Arvilla Motel* was to a final judgment entered after a nonjury trial where the trial court was the finder of fact and not, as in *Visiting Nurse*, where the challenge on appeal was a judgment approving an arbitrator's award. Nowhere in *Arvilla Motel* is there a mention or discussion of section 682.13(1). We conclude that *Arvilla Motel* is not controlling and does not provide a basis to invalidate the final judgment approving the arbitrator's award.[1]

---

[1] Contracts are permitted to impose limitations on both parties relating to the recovery of damages. "It is well settled 'that parties to a contract may agree to limit their respective remedies and that those remedies need not be the same.' " *Redington Grand, LLP v. Level 10 Props., LLC*, 22 So. 3d 604, 608 (Fla. 2d DCA 2009) (citing *Ocean Dunes of Hutchinson Island Dev. Corp. v. Colangelo*, 463 So. 2d 437, 439 (Fla. 4th DCA 1985)).

Accordingly, the relief of specific enforcement of a contract "may be granted if it is first established that the contract is valid and enforceable." *DiMauro v. Martin*, 359 So. 3d 3, 6 (Fla. 4th DCA 2023) (quoting *Free v. Free*, 936 So. 2d 699, 702 (Fla. 5th DCA 2006)).

When evaluating a claim asserting that a contract is void because the contract is not mutual, it is prudent to recall there is a difference between mutuality of obligation and mutuality of remedy. "Mutuality of obligation is sometimes confused with mutuality of remedy. Obligation pertains to the consideration while remedy pertains to the means of

## III. Conclusion

Because the record before us does not contain a valid basis to vacate, modify, or correct the arbitration award, we conclude that the circuit court was required to confirm the award and enter a judgment in conformity with the award. Thus, the arbitration award and the final judgment are affirmed in all respects.

Affirmed.

NORTHCUTT and SILBERMAN, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

enforcement. Mutual obligation is essential, but the means of enforcement may differ without necessarily affecting the reciprocal obligations of the parties." *Bacon v. Kerr*, 139 So. 2d 166, 169 (Fla. 2d DCA 1962).

In this appeal, the validity of the parties' contract is not at issue. Further, paragraph 14 initially required delivery of the property to the buyer. Additionally, paragraph 15 provides to the buyer a remedy should there be a breach "if Seller fails or refuses to transfer title to the Property," and that remedy is to "demand and receive specific performance of this Purchase Agreement."