# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0692
Lower Tribunal No. 23-20761-CA-01
_____

**Kely Bernardes,**
Appellant,

vs.

**Morrison Management Specialists, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Kely Bernardes, in proper person.

Fisher & Phillips LLP and Steven A. Siegel (Fort Lauderdale), for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See Zahav Refi LLC v. White Hawk Asset Mgmt., Inc., 395

So. 3d 556, 559 (Fla. 2d DCA 2024) ("[A]bsent a basis to vacate, modify, or correct, or the presentation of an issue to the circuit court which had not been submitted to arbitration, the circuit court must confirm the arbitration award."); <u>Hinshaw v. Wachovia Bank, N.A.</u>, 935 So. 2d 86, 86–87 (Fla. 5th DCA 2006) ("Given the absence of a timely challenge to the arbitration award or presentation of a viable issue to the trial court which had not been submitted to arbitration, the trial court was correct in confirming the arbitration award . . . ."); <u>see also</u> <u>Kendall Imps., LLC v. Diaz</u>, 215 So. 3d 95, 101 (Fla. 3d DCA 2017) ("The rule that one who signs a contract is presumed to know its contents has been applied even to contracts of illiterate persons on the ground that if such persons are unable to read, they are negligent if they fail to have the contract read to them. If a person cannot read the instrument, it is as much [her] duty to procure some reliable person to read and explain it to [her], before [s]he signs it, as it would be to read it before [s]he signed it if [s]he were able to do so." (quoting <u>Rivero v. Rivero</u>, 963 So. 2d 934, 938 (Fla. 3d DCA 2007))); <u>Raffay v. Longwood House Condo. Ass'n, Inc.</u>, 389 So. 3d 589, 593 (Fla. 3d DCA 2023) ("Issues raised for the first time in the reply brief are precluded from our consideration."); <u>State v. City of Weston</u>, 316 So. 3d 398, 408 (Fla. 1st DCA 2021) ("[I]ssues not raised in the initial brief are considered waived or abandoned." (quoting <u>Rosier v. State</u>,

2

276 So. 3d 403, 406 (Fla. 1st DCA 2019))).